Tahanie A. Aboushi, Esq (TA-6529)
The Aboushi Law Firm, PLLC
501 5th Avenue, Suite 305
New York, NY 10017
Telephone: 212.300.2113
Facsimile: 646.367.4925
*Attorneys for Plaintiff*

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ **MAR 1 0 2011** ★

**BROOKLYN OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 11 - 1154

------------------------------------------------------------------

ALI ALSHAIKH,                                  :        Case No.

                         Plaintiff,            :        **SUMMONS ISSUED**

             -against-                         :        **COMPLAINT**

THE UNITED STATES OF AMERICA and               :
TRANSPORTATION SECURITY ADMINISTRATION,        :

                                               :        **TRIAL DEMANDED
                                                        BY JURY**

                         Defendants.           :

                                               :        *JOHNSON*

------------------------------------------------------------------X    GOLD, M.J.

Plaintiff, ALI ALSHAIKH, by his attorneys, THE ABOUSHI LAW FIRM, PLLC,

complaining of the defendants, respectfully allege, upon information and belief, as follows:

## NATURE OF THE ACTION

1. This action is brought pursuant to the Federal Claims Tort Act. 28 U.S.C.A. § 1346 (b)(1)

   and 28 U.S.C. §§2671-2680.

## JURISDICTION

2. That this Court has subject matter jurisdiction over the matter pursuant to 28 U.S.C.A,

   1346(b)(1) and the Federal Tort Claims Act.

3. That Plaintiff has complied with pre-suit requirements for filing a lawsuit pursuant to

   FTCA by:

a.  presenting his administrative claim, pursuant to 28 U.S.C. §2675(a), to the
    Transportation Security Administration ("TSA") within two years of the date of
    the loss *Attached as exhibit "A"* and

b.  by filing suit within six months of January 14, 2011, the date of the denial of his
    claim by TSA. *Attached as exhibit "B".*

## VENUE

4.  Venue is proper in the Eastern District of New York under 28 U.S.C. §1391(a)(2) as a
    substantial part of the events or omissions giving rise to the claim occurred, or a
    substantial part of property that is the subject of the action is situated in the Eastern
    District.

## THE PARTIES

5.  At all times hereinafter mentioned, Plaintiff, Ali Alshaikh is a resident of Syracuse, New
    York.

6.  At all times hereinafter mentioned, the Defendant, TSA is a federal department, agency
    of bureau  of the defendant The United States of America, duly organized and existing
    pursuant to the constitution and laws of the United States of America.

7.  At all times hereinafter mentions, Defendant TSA was and still is a foreign corporation
    duly organized and existing under and by virtue of the laws of the State of Virginia.

8.  At all times hereinafter mentions, Defendant TSA was and still is a foreign corporation
    duly authorized to do business in the State of New York

9.  At all times hereinafter mentions, Defendant TSA maintained a principle place of
    business in the State of Virginia located at 601 South 12th Street, Arlington Virginia.

## STATEMENT OF FACTS

10. On June 27, 2010, Plaintiff was traveling from Syracuse, New York to Amman, Jordan via Delta Airlines flight DL0032 with a connecting flight between Hancock International Airport in Syracuse, New York and J.F.K. International Airport ("J.F.K. Airport") in Queens, New York.

11. At approximately 7:30p.m. on June 27th, 2010, Plaintiff made his way through the airport toward his gate approaching the pre-boarding security screening area at Gate 14, Zone 4 at J.F.K. Airport.

12. At all times hereinafter mentioned, Defendant, TSA operated the security screening areas and conducted the security screening procedures at Gate 14, Zone 4 at J.F.K. Airport.

13. Plaintiff was traveling with money in the form of cash in an envelope, a wallet, along with a two year old child and was carrying a laptop computer, laptop carrier, stroller and a back pack.

14. In order to board his flight, Plaintiff was required and instructed by defendant, TSA, to remove all his belongings from his pockets and place them in separate bins which were placed on Defendant's conveyor belt.

15. In compliance with Defendant's instructions, Plaintiff placed his wallet, shoes, belt, wedding ring and vehicle keys in one bin, his laptop in a second bin, and placed the envelop filled with cash inside the lap top carrier which was then placed in a third bin.

16. Plaintiff was then instructed by Defendant, TSA, to walk through a full body metal detector.

17. Upon exiting the full body metal detectors, Plaintiff went to retrieve his belongings and immediately noticed his envelope filled with money was missing.

18. Plaintiff inquired from a TSA agent where his money was and was informed by the screening TSA agent that he had given the envelope to an elderly woman who boarded the same flight.

19. Plaintiff called the Port Authority Police Department ("PAPD") to report his money missing and to seek assistance in locating the envelope filled with cash.

20. A PAPD officer spoke to the TSA agent and Plaintiff regarding the theft to which the TSA Agent admitted being in possession of the money and handing it to an elderly woman.

21. At all times herein mentioned, there was no elderly female passenger in front or behind Plaintiff at the time Plaintiff's items were passed through the conveyor belt.

22. Based upon the TSA agent's actions, the PAPD officer and Plaintiff boarded the Delta Air Lines flight DL 00332, whereupon each elderly female passenger was questioned regarding the missing money.

23. The Pilot of said flight announced on three occasions that anyone with knowledge of the money to please come forward.

24. Plaintiff and the PAPD officer delayed said flight for approximately five hours in an effort to locate the money. Plaintiff further offered a reward of $1,000 for the return of the money.

25. All of the elderly women on board said flight said they were never handed any items by any TSA agents prior to boarding the flight.

26. Plaintiff remained on the flight and went to Amman, Jordan. The money he was initially carrying was to help pay for his father's surgery that was scheduled the following week in Amman and to cover Plaintiff's traveling expenses.

27. Upon arriving in Jordan, Plaintiff telephoned his wife and close friends to inform them of the incident and asked them to gather enough funds to assist with the surgery and to pay for his travel expenses.

28. Plaintiff returned to the United States on July 11, 2010 and contacted PAPD regarding the status of his report. PAPD informed Plaintiff the contents were classified and PAPD would only provide a verification letter that a report existed.

29. On September 13, 2010, a claim was filed with defendant, TSA. The claim submitted therein was in the amount of eighty thousand ($80,000.00) DOLLARS. *See Exhibit "A"*.

30. On September 22, 2010, via correspondence, defendant, TSA, acknowledged the referenced claim for theft of property filed by plaintiff. *Attached as Exhibit "C"*.

31. An investigation by defendant, TSA, followed thereafter and was concluded by a letter of January 14, 2011 which failed to resolve the contested issues. *See Exhibit "B"*.

32. The provisions of Section 28 U.S.C.A. Section 2675 have been complied with, Accordingly, this complaint is filed pursuant to 28 U.S.C.A. Section 1346(b) as hereinafter more fully appears.

## STATEMENT OF CLAIM

### COUNT I
### (Negligence)

33. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "32".

34. Defendant, TSA, owed airline passengers passing through required security screening areas, including the Plaintiff, the duty to conduct security screening procedures in an reasonable manner so as to avoid forseeable harm to airline passengers, including the Plaintiff.

35. At all relevant times hereinafter mentioned, Defendant, TSA operated the aforesaid gate and boarding zone and its appurtenances.

36. At all relevant times hereinafter mentioned, Defendant, TSA maintained the aforesaid gate and boarding zone and its appurtenances.

37. At all relevant times hereinafter mentioned, Defendant, TSA controlled the security procedure for the aforesaid gate and boarding zone and its appurtenances.

38. At all relevant times hereinafter mentioned, Defendant, TSA managed the security procedure for the aforesaid gate and boarding zone and its appurtenances.

39. At all relevant times hereinafter mentioned, Defendant, TSA owed a duty to Plaintiff in securing his personal belongings while the items were passed through the metal detector conveyor belt.

40. At all relevant times hereinafter mentioned, Defendant, TSA owed a duty to Plaintiff in ensuring his personal items would be returned to him and not given to an unknown third party without knowledge or consent of Plaintiff.

41. At all relevant times hereinafter mentioned, Defendant, TSA breached its duty to Plaintiff by failing to secure Plaintiff's envelope of money while Plaintiff underwent additional security screening as per Defendants requirement.

42. At all relevant times hereinafter mentioned, Defendant, TSA, breached its duty to Plaintiff by knowingly removing Plaintiffs personal property from the laptop carrier and knowingly giving it away to an unknown third party without the knowledge or consent of Plaintiff.

43. At all relevant times hereinafter mentioned, Defendant, TSA, breached its duty to Plaintiff in failing to permit Plaintiff to regain possession of his money upon completing the full body metal detector screening.

44. At all relevant times hereinafter mentioned, Defendant, TSA, breached its duty to Plaintiff in failing to conduct security screening procedures in a reasonable way so as to avoid foreseeable harm to Plaintiff.

45. The Defendant's breach of duty caused Plaintiff to lose his envelope of money. The money taken from Plaintiff by Defendant was intended for use to pay for Plaintiff's ill father' surgery and Plaintiff's traveling expenses.

46. The Defendant knew or in the exercise of reasonable care, should have known that its breach of duty could cause Plaintiff to lose his money.

47. As a direct and proximate result of the Defendant's negligence, the Plaintiff suffered loss of his money and was essentially left stranded in Jordan without money.

## COUNT II
## (Bailment)

48. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "47" of this Complaint as if fully set forth herein.

49. Defendant requested Plaintiff's personal property which included his envelop filled with money.

50. Defendant, TSA, was given exclusive possession and control of all Plaintiff's property and knowingly accepted it through actual delivery.

51. At all times relevant hereinafter mentioned, Defendant, TSA, agreed to return the property to Plaintiff upon completing security screenings.

52. Defendant, TSA, knowingly failed to return to Plaintiff his envelop of money.

53. Defendant failed to exercise care over the property in its possession.

54. At all relevant times hereinafter mentioned, Defendant held Plaintiff's property for the sole benefit of Plaintiff and is liable for gross negligence.

55. Defendant, TSA, knew the envelope of money was the personal property of Plaintiff as it was placed in Plaintiff's lap top carrier, yet admits to removing the envelop from the laptop carrier and giving it to an unknown third party and is therefore liable.

56. As a result Plaintiff suffered damages in loss or of his personal property and the loss of use of the money which had imperative purposes.

## COUNT III
### (Conversion)

57. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "56" of this Complaint as if fully set forth herein.

58. At all times herein mentioned, Plaintiff owned the envelope of money and its contents at the time of interference.

59. The defendant intentionally interfered with Plaintiff's dominion and control over his personal property by taking it from Plaintiff's lap top carrier.

60. Defendant, TSA's, interference deprived Plaintiff of possession and use of the money contained within the envelope by giving it away to an unknown third part.

61. Defendant' interference caused damages to the plaintiff by forcing plaintiff to be stranded in a foreign country with no monetary means along with loss of his money.

WHEREFORE, plaintiff, ALI ALSHAIKH, demands judgment against the defendants in the sum of EIGHTY THOUSAND ($80,000.00) DOLLARS as stated in

Plaintiff's proof of claim form; together with the interest, costs and such other relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, NY
        March 8, 2011

                                    Respectfully Submitted,

                                    THE ABOUSHI LAW FIRM, PLLC
                                    *Attorneys for Plaintiff*
                                    501 5th Avenue, Suite 305
                                    New York, NY 10017
                                    Telephone: 212.300.2113
                                    Facsimile: 646.367.4924
                                    tahanie@aboushi.com

                                    By: _____
                                         Tahanie A. Aboushi, Esq (TA 6529)

| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | **INSTRUCTIONS:** Please read the instructions below carefully and supply all the information requested. You will receive an **Acknowledgement Letter** and **Control Number**. | FORM APPROVED OMB NO. 11050008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of Claimant and claimant's personal representative, if any. (See instructions above.) ( *Number, street, city, state, and zip code*) | |
|---|---|---|

1. Submit To Appropriate Federal Agency:

Claims Management Branch
TSA (TSA - 9)
601 South 12th Street
Arlington, Virginia 20598-6009

571.227.1300
tsaclaimsoffice@tsa.dhs.gov

**Claimant Information:**

| | | Claimant's Representative: (if any) | |
|---|---|---|---|
| Full Name: | **ALI ALSHAIKH** | Full Name: | **TAHANIE A. ABOUSHI, ESQ.** |
| Address: | **501 ULSTER AVENUE** | Address: | **501 5TH AVENUE, STE 305** |
| City, State, Zip: | **Syracuse, NY 13204** | City, State, Zip: | **New York, NY 10017** |
| Country: | **UNITED STATES** | Country: | **UNITED STATES** |

| 3. Type of Employment: | 4. Date of Birth: | 5. Marital Status: | 6. Day and Date of Incident: | 7. Time: (A.M. or P.M.) |
|---|---|---|---|---|
| ☐ Military  ☒ Civilian | **02/16/1974** | ○ Single  ● Married  ○ Divorced  ○ Widow/Widower | **Sunday, 06/27/10** | **7:30 P.M.** |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof)

Claimant, ALI ALSHAIKH, was traveling to Amman, Jordan via Delta Airlines Flight DL0032 on June 27th, 2010. Claimant was traveling with a two year old child and was carrying a laptop computer, laptop carrier, stroller and a back pack. At approximately 7:30 P.M. on June 27th, 2010, Gate 14, Zone 4, Claimant was directed by a TSA agent to empty all of his pockets into a bin, remove his laptop computer from its carrier and place in a separate bin, and place the laptop carrier on the X-ray machine. Mr. Alshaikh complied with the TSA agent's direction and placed his wallet, shoes, belt, wedding ring and vehicle keys in one bin; his laptop in another bin; and removed an envelope with $8,000.00 in cash from his pocket and placed it inside the laptop carrier and placed both items inside a third bin. Mr. Alshaikh was directed to walk through the full body metal detector. Immediately after, Claimant went to retrieve his items and noticed his monies missing. Claimant was informed by a TSA agent that he (TSA agent) gave claimant's money to an elderly woman who boarded the same flight.

| 9. | PROPERTY DAMAGE | |
|---|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT: (Number, street, city, state, country, and Zip Code)

| Full Name: | Address: | City, St. & Zip: | Country: |
|---|---|---|---|

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE, AND LOCATION WHERE PROPERTY MAY BE INSPECTED.

A TSA agent negligently, erroneously and intentionally gave away Claimant's property. As a result Claimant was forced to borrow money to continue his and the child's travel, question each elderly woman on his flight in an effort to locate his money, file a police report, delay the entire flight by 4 and 1/2 hours and make several announcements to the patrons aboard the flight to return his money via the Captain's permission. Claimant also offered $1,000.00 reward for anyone who returned his monies. Claimant suffered $80,000.00 in damages.

| 10. | PERSONAL INJURY / WRONGFUL DEATH | |
|---|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM.
IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT..

| 11. | WITNESSES | |
|---|---|---|
| 1. Name: Muhammad Hassan | Address/Phone: 8306 Duckwood Drive, Cicero, NY 13039 PHONE: 315.572.6708 | |
| 2. Name: | Address/Phone: | |
| 3. Name: | Address/Phone: | |

| 12. | | AMOUNT OF CLAIM (In U.S. Dollars) | | |
|---|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL Failure to specify may cause forfeiture of your rights) | |
| **$80,000.00** | 0 | 0 | **$80,000.00** | |

I CERTIFY THAT THE AMOUNT OF THE CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT OR CLAIMANT'S REPRESENTATIVE. (See instructions below) | 13b. PHONE NUMBER OF SIGNATORY: | 14. DATE OF CLAIM: |
|---|---|---|
| *[signature]* | **212. 300.2113** | **September 13, 2010** |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus three times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than five (5) years or both. (See 18 U.S.C. 287, 1001.) |

| 95-109 | NSN 7540-00-634-4046 | Standard Form 95 (Rev. 7-85) (EG) |
|---|---|---|
| Previous editions not usable. | | PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2    Page 2 of 4 |

7196 9005 8630 0132 8367

January  14, 2011



Claims Management Branch
Arlington, VA 20598

**Transportation
Security
Administration**

Ms. Tahanie Aboushi
Suite 305
501 5th Avenue
New York NY  10017
United States

Re: TSA Control No.: **2010092076194**

Dear Ms. Tahanie Aboushi:

This constitutes final administrative action on your claim against the United States under the Federal Tort Claims Act based upon the alleged negligent or wrongful acts or omissions of Transportation Security Administration (TSA) personnel.

Your claim is denied.  After careful evaluation of all the evidence, we have determined that there are no legally sustainable grounds upon which a finding of liability can be based on the part of TSA.

If you are dissatisfied with the action taken on your claim, you may file suit in an appropriate U.S. District Court not later than six months after the date this letter was mailed.  This information is not intended to imply that any such suit would be successful.

Should you have any questions, please address them to the Claims Management Branch.  We may be reached at (571) 227-1300 or by email at TSAClaimsOffice@dhs.gov.

Yours sincerely,

Donna H. Kane
Branch Chief
Claims Management Branch

File 600 9.2
CMB 7- -7



U.S. Department of Homeland Security
Claims Management Branch
601 S. 12th Street, TSA-9
Arlington, VA 20598-6009



**Transportation
Security
Administration**

September 22, 2010

Ms. Tahanie Aboushi
Suite 305
501 5th Avenue
New York NY  10017
United States

Re: TSA Control No.: **2010092076194**

Dear Ms. Tahanie Aboushi:

The Transportation Security Administration (TSA) received your claim and assigned it the control number referenced above.  We look forward to assisting you in an efficient manner throughout the claims resolution process.

The Federal Tort Claims Act (FTCA) governs the way your claim is processed and establishes your rights in regard to your claim.  If your claim is denied or has not been resolved within six months of the date it was properly presented to TSA, you may file suit in an appropriate U.S. District Court.  Additional information about pursuing an FTCA claim may be found in title 28 of the United States Code, sections 1346(b), 1402(b), 2401(b), 2671-2680 and title 28 of the Code of Federal Regulations, sections 14.1-14.11.

Should you have any questions, please address them to the Claims Management Branch.  We may be reached at (571) 227-1300 or by email at TSAClaimsOffice@dhs.gov.

Yours sincerely,

Donna H. Kane
Branch Chief
Claims Management Branch

File 600.9.2
CMB 1-1-7